**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-1343**

_____

YING LUI,

          Petitioner,

    v.

MERRICK B. GARLAND, Attorney General,

          Respondent.

_____

On Petition for Review of an Order of the Board of Immigration Appeals.

_____

Submitted:  November 21, 2023                    Decided:  November 27, 2023

_____

Before WILKINSON and NIEMEYER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Petition denied by unpublished per curiam opinion.

_____

**ON BRIEF:**  Adedayo O. Idowu, LAW OFFICES OF ADEDAYO O. IDOWU, New York, New York, for Petitioner.  Brian Boynton, Principal Deputy Assistant Attorney General, Paul Fiorino, Senior Litigation Counsel, Gregory A. Pennington, Jr., Civil Division, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ying Lui, a native and citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals dismissing Lui's appeal from the immigration judge's decision denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).[1]  We deny the petition for review.

We have reviewed the arguments Lui presses on appeal in light of the administrative record, including the transcript of Lui's merits hearing and the supporting evidence, and the relevant legal authorities.  We conclude that the record evidence does not compel a ruling contrary to any of the administrative factual findings, *see* 8 U.S.C. § 1252(b)(4)(B)—including the adverse credibility finding or the finding that the proffered corroborating evidence was only entitled to limited weight[2]—and that substantial evidence supports the denial of relief, *see INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992).  *See also Ilunga*, 777 F.3d at 207 (explaining that "omissions, inconsistent statements, contradictory

---

[1] Upon review, we agree with the Attorney General that Lui's challenge to the denial of her request for CAT protection was not administratively exhausted because Lui did not raise it on appeal to the Board, *see* 8 U.S.C. § 1252(d)(1), and therefore it is not properly before us for review, *see Tepas v. Garland*, 73 F.4th 208, 213 (4th Cir. 2023) (observing that, although § 1252(d)(1) is not jurisdictional, it "remains a mandatory claim-processing rule").

[2] We review credibility determinations for substantial evidence, affording broad—though not unlimited—deference to the agency's credibility findings. *Ilunga v. Holder*, 777 F.3d 199, 206 (4th Cir. 2015); *Camara v. Ashcroft*, 378 F.3d 361, 367 (4th Cir. 2004). We likewise conduct substantial evidence review of the agency's ruling as to the weight afforded a noncitizen's corroborating evidence. *Hui Pan v. Holder*, 737 F.3d 921, 930-31 (4th Cir. 2013).

evidence, and inherently improbable testimony are appropriate bases for making an adverse credibility determination" (internal quotation marks omitted)).  Accordingly, we deny the petition for review for the reasons stated by the Board.  *See In re Ying Lui* (B.I.A. Mar. 16, 2023).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*
